# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ICE ROVER, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>MONOPRICE, INC.,<br><br>   Defendant | Civil Action No. 6:22-cv-00799<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Ice Rover, Inc. ("Rover" or "Plaintiff"), files this Complaint for Patent Infringement against Monoprice Inc. ("Monoprice" or "Defendant"), and would respectfully show the Court as follows:

## PARTIES

1. Plaintiff is a Colorado Corporation with its principal place of business located at 1898 South Flatiron Court, Suite 100, Boulder, Colorado 80301.

2. Plaintiff advertises, offers, and sells its product line of Rovr® Rollr® towable ice coolers throughout the United States, Texas, and this District. The Rollr ice coolers include unique features such as a "Dual Motogrip™ Handle" and all-terrain inflatable rubber wheels that are slightly inset into the cooler walls. These and other features allow the customer to pull the Rollr over all types of terrain, including sand, more easily than other competitive coolers. The Motorgrip Handle is a retractable handle on each Rollr cooler that is designed such that the customer can pull the cooler from an offset position on either the right or left side of the cooler, thereby preventing the

1

customer's heels from knocking into the cooler while pulling it, making for easy towing with increased leverage.

3. On information and belief, Defendant is a California corporation with a principal address of One Pointe Drive, 4th Floor, Brea, California 92821, and has purposefully and intentionally availed itself of the privileges of doing business in the State of Texas, including in this District, and has regular and established places of business throughout this District, including at least at 8601 Research Blvd, Austin, 78758. Defendant has registered to do business in Texas and may be served via its registered agent Bernard Luthi, located at One Pointe Drive, 4th Floor, Brea, California 92821.

4. On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Western District of Texas, and otherwise knowingly directs infringing activities to this District in connection with its products and services at least through Monoprice's principal websites, https://www.monoprice.com/, https://www.facebook.com/monopricecom/, https://twitter.com/monoprice, and https://www.instagram.com/monoprice.

## JURISDICTION

5. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

6. This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

7. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

8. Defendant has committed acts of infringing the patents-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patents-in-suit, including without limitation products made by practicing the claims of the patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

9. This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Texas that Defendant knew would be used within this District, and by soliciting

business from the residents of the Western District of Texas. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least 8601 Research Blvd, Austin, 78758, and directly and through agents regularly does, solicits, and transacts business in the Western District of Texas. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

10. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

11. The amount in controversy exceeds $75,000 exclusive of interests and costs.

12. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least 8601 Research Blvd, Austin, 78758.

## THE PATENTS-IN-SUIT

13. On April 30, 2019, United States Patent No. 10,272,934 ("the '934 patent"), entitled "Multi-terrain multi-purpose insulated container" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). On June 15, 2017, the '934 patent was duly and lawfully conveyed to Ice Rover, Inc., including all rights, title, and interest in and to the invention of

the '934 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded on June 16, 2017 in the United States Patent and Trademark Office. The '934 patent claims patent-eligible subject matter and is valid and enforceable. Rover is the exclusive owner by assignment of all rights, title, and interest in the '934 patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '934 patent. Defendant is not licensed to the '934 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '934 patent whatsoever. A true and correct copy of the '934 patent is attached hereto as **Exhibit A**.

14. On April 21, 2020, United States Patent No. D881,673 ("the '673 patent"), entitled "Handle" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). On June 15, 2017, the '673 patent was duly and lawfully conveyed to Ice Rover, Inc., including all rights, title, and interest in and to the invention of the '673 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded on June 16, 2017 in the United States Patent and Trademark Office. The '673 patent claims patent-eligible subject matter and is valid and enforceable. Rover is the exclusive owner by assignment of all rights, title, and interest in the '673 patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '673 patent. Defendant is not licensed to the '673 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '673 patent whatsoever. A true and correct copy of the '673 patent is attached hereto as **Exhibit B**.

15. On August 25, 2020, United States Patent No. D893,979 ("the '979 patent"), entitled "Handle" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). On June 15, 2017, the '979 patent was duly and lawfully conveyed to Ice Rover, Inc., including all rights, title, and interest in and to the invention of the '979 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded on March 24, 2020 in the United States Patent and Trademark Office. The '979 patent claims patent-eligible subject matter and is valid and enforceable. Rover is the exclusive owner by assignment of all rights, title, and interest in the '979 patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '979 patent. Defendant is not licensed to the '979 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '979 patent whatsoever. A true and correct copy of the '979 patent is attached hereto as **Exhibit C**.

16. The '934, '673, and '979 patents are referred to herein as the "patents-in-suit."

17. Plaintiff Rover is the owner of the entire right, title, and interest in and to the patents-in-suit. The patents-in-suit are presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

18. The term "Accused Instrumentalities" or "Accused Products" refers to, by way of example and without limitation, Monoprice's Pure Outdoor coolers, including but not limited to Pure Outdoor by Monoprice Emperor 50 Rotomolded Portable Wheeled Cooler 13.2 Gal, (*see, e.g.,* https://www.monoprice.com/product?p_id=40393).

## COUNT I
## PATENT INFRINGEMENT OF THE '934 PATENT

19.     Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

20.     Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '934 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

21.     On information and belief, Defendant has made no attempt to design around the claims of the '934 patent.

22.     On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '934 patent were invalid.

23.     On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

24.     Rover has been damaged as the result of Defendant's infringement. Upon information and belief, Defendant will continue to infringe one or more claims of the '934 patent unless and until they are enjoined by this Court.

25.     Defendant has caused and will continue to cause Rover irreparable injury and damage by infringing one or more claims of the '934 patent. Rover will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendant is enjoined from infringing the claims of the '934 patent.

26.     The claim chart attached hereto as **Exhibit D** describes how the elements of an exemplary claim 1 from the '934 patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent

claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## COUNT II
## PATENT INFRINGEMENT OF THE '673 PATENT

27. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

28. Defendant has, under 35 U.S.C. §271(a), infringed, and continues to infringe, the '673 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

29. On information and belief, Defendant has made no attempt to design around the claim of the '673 patent.

30. On information and belief, Defendant did not have a reasonable basis for believing that the claim of the '673 patent was invalid.

31. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

32. Rover has been damaged as the result of Defendant's infringement. Upon information and belief, Defendant will continue to infringe the claim of the '673 patent unless and until it is enjoined by this Court.

33. Defendant has caused and will continue to cause Rover irreparable injury and damage by infringing the claim of the '673 patent. Rover will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendant is enjoined from infringing the claim of the '673 patent.

34. The claim chart attached hereto as **Exhibit E** describes how the claim from the '673 patent is infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## COUNT III
## PATENT INFRINGEMENT OF THE '979 PATENT

35. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

36. Defendant has, under 35 U.S.C. §271(a), infringed, and continues to infringe, the '979 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

37. On information and belief, Defendant has made no attempt to design around the claim of the '979 patent.

38. On information and belief, Defendant did not have a reasonable basis for believing that the claim of the '979 patent was invalid.

39. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

40. Rover has been damaged as the result of Defendant's infringement. Upon information and belief, Defendant will continue to infringe the claim of the '979 patent unless and until it is enjoined by this Court.

41. Defendant has caused and will continue to cause Rover irreparable injury and damage by infringing the claim of the '979 patent. Rover will suffer further irreparable injury, for

9

which it has no adequate remedy at law, unless and until Defendant is enjoined from infringing the claim of the '979 patent.

42. The claim chart attached hereto as **Exhibit F** describes how the claim from the '979 patent is infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rover respectfully requests the following relief:

A. A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the '934 patent;

B. A judgement that Defendant has infringed the '673 patent and the '979 patent;

C. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. §287, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

D. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

E. A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

F. A judgment and order awarding a compulsory ongoing royalty;

G. A judgment and order awarding Plaintiff costs associated with bringing this action;

H. A judgment granting a preliminary and permanent injunction that restrains and enjoins Defendant, its officers, directors, divisions, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those in privity, concert or participation with them from directly or indirectly infringing the patents-in-suit; and

I. Such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff Rover hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**Ramey LLP**

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for Ice Rover, Inc.*