IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ICE ROVER, INC | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO. 6:22-CV-799-ADA |
| | ) | |
| VS. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MONOPRICE, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

**MONOPRICE, INC.'S ANSWER TO COMPLAINT**

Defendant Monoprice, Inc. ("Monoprice") hereby responds to and answers the numbered paragraphs of the Complaint filed by Ice Rover, Inc. ("Ice Rover").

**PARTIES**

1. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies them.

2. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies them.

3. Monoprice admits that it is a California corporation with a principal address of One Pointe Drive, Suite #400, Brea, California 92821. Monoprice denies the remaining allegations in Paragraph 3 of the Complaint.

4. Denied.

**JURISDICTION**

5. Monoprice admits the Complaint alleges patent infringement. Monoprice

admits this Court has subject matter jurisdiction over patent infringement lawsuits. Monoprice denies the remaining allegations in Paragraph 5 of the Complaint.

6. Monoprice admits that it transacts and conducts business with residents of the State of Texas, including residents of this District. Monoprice denies the remaining allegations in Paragraph 6 of the Complaint.

7. Denied.

8. Monoprice admits that it conducts business with residents of the State of Texas, including residents of this District. Monoprice denies the remaining allegations in Paragraph 8 of the Complaint.

9. Monoprice admits that it conducts business with residents of the State of Texas, including residents of this District. Monoprice denies the remaining allegations in Paragraph 9 of the Complaint.

10. Monoprice admits that it sells products to residents of this District. Monoprice denies the remaining allegations in Paragraph 10 of the Complaint.

11. Denied.

12. Denied.

## THE PATENTS-IN-SUIT

13. Monoprice admits Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 10,272,934 (“the ’934 patent”), which, on the first page of the patent, shows a title of “MULTI-TERRAIN MULTI-PURPOSE INSULATED CONTAINER,” lists an issuance date of April 30, 2019, and lists an assignee of “Ice Rover, Inc.” Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations

regarding Plaintiff's ownership, rights, title, or interest in the '934 patent, and, therefore, denies them. Monoprice admits it is not licensed to the '934 patent. Monoprice denies the remaining allegations in Paragraph 13 of the Complaint.

14. Monoprice admits Exhibit B to the Complaint appears to be a copy of U.S. Patent No. D881,673 ("the '673 patent"), which, on the first page of the patent, shows a title of "HANDLE," lists an issuance date of April 21, 2020, and lists an assignee of "Ice Rover, Inc." Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's ownership, rights, title, or interest in the '673 patent, and, therefore, denies them. Monoprice admits it is not licensed to the '673 patent. Monoprice denies the remaining allegations in Paragraph 14 of the Complaint.

15. Monoprice admits Exhibit C to the Complaint appears to be a copy of U.S. Patent No. D893,979 ("the '979 patent"), which, on the first page of the patent, shows a title of "HANDLE," lists an issuance date of August 25, 2020, and lists an assignee of "Ice Rover, Inc." Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's ownership, rights, title, or interest in the '979 patent, and, therefore, denies them. Monoprice admits it is not licensed to the '979 patent. Monoprice denies the remaining allegations in Paragraph 15 of the Complaint.

16. Monoprice admits the Complaint refers to the '934, '673, and '979 patents as the "patents-in-suit."

17. Monoprice admits that patents are presumed valid under 35 U.S.C. § 282 but denies the patents-in-suit are valid. Monoprice lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 17 of

the Complaint, and, therefore, they are denied.

## ACCUSED INSTRUMENTALITIES

18. Monoprice admits the Complaint uses the terms “Accused Instrumentalities” or “Accused Products” to refer to Monoprice’s Pure Outdoor coolers, including the Pure Outdoor by Monoprice Emperor 50 Rotomolded Portable Wheeled Cooler 13.2 Gal.

## COUNT I

## PATENT INFRINGEMENT OF THE ’934 PATENT

19. Monoprice restates the preceding paragraphs of this Answer as if fully set forth herein.

20. Denied.

21. Monoprice admits that it has not modified the designs of the Accused Products since the date the Complaint was served.

22. Denied.

23. Monoprice admits the Pure Outdoor by Monoprice Emperor 50 Rotomolded Portable Wheeled Cooler 13.2 Gal. is listed on monoprice.com but denies that it is currently available to purchase within the United States.

24. Denied.

25. Denied.

26. Denied.

## COUNT II

## PATENT INFRINGEMENT OF THE ’673 PATENT

27. Monoprice restates the preceding paragraphs of this Answer as if fully set

forth herein.

28. Denied.

29. Monoprice admits that it has not modified the designs of the Accused Products since the date the Complaint was served.

30. Denied.

31. Monoprice admits the Pure Outdoor by Monoprice Emperor 50 Rotomolded Portable Wheeled Cooler 13.2 Gal. is listed on monoprice.com but denies that it is currently available to purchase within the United States.

32. Denied.

33. Denied.

34. Denied.

**COUNT III**

**PATENT INFRINGEMENT OF THE ’979 PATENT**

35. Monoprice restates the preceding paragraphs of this Answer as if fully set forth herein.

36. Denied.

37. Monoprice admits that it has not modified the designs of the Accused Products since the date the Complaint was served.

38. Denied.

39. Monoprice admits the Pure Outdoor by Monoprice Emperor 50 Rotomolded Portable Wheeled Cooler 13.2 Gal. is listed on monoprice.com but denies that it is currently available to purchase within the United States.

40. Denied.

41. Denied.

42. Denied.

## PRAYER FOR RELIEF

Monoprice denies that Plaintiff is entitled to any relief requested in the Complaint or any other relief.

## JURY DEMAND

Monoprice admits that the Complaint sets forth a demand for a trial by jury. Monoprice demands a trial by jury on all issues so triable raised by the Complaint or by Monoprice's Answer and Affirmative Defenses.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, including without admitting or acknowledging that it bears the burden of proof as to any of the defenses denominated herein, Monoprice asserts the following defenses. Monoprice reserves the right to assert additional defenses as further information becomes available.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

43. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Noninfringement)

44. Monoprice has not infringed and does not infringe any valid and

enforceable claim of the patents-in-suit.

**THIRD AFFIRMATIVE DEFENSE**

**(Invalidity)**

45. One or more claims of the patents-in-suit are invalid for failure to satisfy one or more statutory requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH AFFIRMATIVE DEFENSE**

**(Design Patent Invalidity)**

46. Plaintiff's asserted design patents are invalid at least because they claim functional and/or generic elements.

**FIFTH AFFIRMATIVE DEFENSE**

**(Limitation of Damages)**

47. Plaintiff's claims for alleged damages and costs are limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 286, 287, and 288. For example, on information and belief, Plaintiff failed to properly mark its relevant products or materials as required by 35 U.S.C. § 287 or to otherwise give proper notice that Monoprice's actions allegedly infringe the patents-in-suit, and thus Monoprice is not liable to Plaintiff for acts alleged to have been performed before Monoprice received actual notice that it was allegedly infringing the patents-in-suit.

**SIXTH AFFIRMATIVE DEFENSE**

**(Prosecution History)**

48. Plaintiff's infringement claims are barred, in whole or in part, because of

prosecution history estoppel, prosecution disclaimer, and/or statements made to the U.S. Patent and Trademark Office.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Absence of Injunctive Relief)**

49. Plaintiff is not entitled to injunctive relief because, among other things, any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy (if any) at law.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches/Waver/Estoppel)**

50. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and/or estoppel.

**PRAYER FOR RELIEF**

WHEREFORE, Monoprice respectfully prays for the following relief:

A. For an order dismissing with prejudice all claims against Monoprice and denying all relief by Plaintiff;

B. That the Court enter judgment that Monoprice does not infringe, and has not infringed, any claim of the patents-in-suit;

C. That the Court enter judgment that the patents-in-suit are invalid;

D. That the Court find this case to be an exceptional case under 35 U.S.C. § 285, and that Monoprice recovers its reasonable attorneys' fees upon prevailing in this action;

E. That Plaintiff take nothing by its Complaint against Monoprice;

F. That the Court deny any and all of Plaintiff's requests for injunctive relief;

G. That the Court award Monoprice its costs, expenses, and attorneys' fees under 28 U.S.C. § 1927;

H. That the Court award Monoprice its legal fees, costs, expenses, and other relief, both legal and equitable, upon prevailing in this action; and

I. That the Court award Monoprice any such other and further relief the Court may deem just and proper under the circumstances.

Dated: September 30, 2022.

Respectfully submitted,

GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 South Mopac Expy, Suite A400
Austin, Texas 78746
(512) 472-0288 Telephone
(512) 472-0721 Facsimile

By: *__/s/ Chris A. Blackerby__*
Chris A. Blackerby
State Bar No. 00787091
cblackerby@germer-austin.com
Ryan C. Bueche
State Bar No. 24064970
rbueche@germer-austin.com

Brian Claassen (*Pro Hac Vice* to be filed)
CA Bar No. 253627
brian.claassen@knobbe.com
Knobbe Martens Olson & Bear LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
(949) 760-0404 Telephone

COUNSEL FOR DEFENDANT
MONOPRICE, INC.

## CERTIFICATE OF SERVICE

On September 30, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I certify that I have served the following counsel of record electronically and/or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

William P. Ramey, III
Ramey LLP
5020 Montrose Blvd., Ste. 800
Houston, Texas 77006
(713) 426-3923 Telephone
(832) 900-4941 Facsimile

COUNSEL FOR PLAINTIFFS

/s/ Chris A. Blackerby
Chris A. Blackerby